**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| HEADWATER RESEARCH LLC<br><br>*Plaintiff*,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD.,<br>SAMSUNG ELECTRONICS AMERICA, INC.,<br>SAMSUNG SEMICONDUCTOR, INC., and<br>SAMSUNG AUSTIN SEMICONDUCTOR LLC,<br><br>*Defendants*. | Case No. 2:24-CV-00228-JRG-RSP<br><br>**JURY TRIAL DEMANDED** |

**<u>SAMSUNG SEMICONDUCTOR, INC.'S AND
SAMSUNG AUSTIN SEMICONDUCTOR, LLC'S
MOTION TO DISMISS FOR IMPROPER VENUE</u>**

**TABLE OF CONTENTS**

I. INTRODUCTION ................................................................................................................. 2
II. LEGAL STANDARD ........................................................................................................... 2
III. ARGUMENT ........................................................................................................................ 3
    A. SSI and SAS Do Not "Reside" In Texas ..................................................................... 3
    B. SSI and SAS Do Not Have a "Regular and Established Place of Business" Here ...... 3
IV. CONCLUSION ..................................................................................................................... 5

# TABLE OF AUTHORITIES

**Cases**   **Page(s)**

*AGIS Software Development, LLC v. ZTE Corporation*,
  No. 2:17-cv-00517-JRG, 2018 WL 4854023 (E.D. Tex. Sept. 28, 2018) .................................2

*In re Cray*,
  871 F.3d 1355 (Fed. Cir. 2017) ..............................................................................................4

*Fourco Glass Co. v. Transmirra Prods. Corp.*,
  353 U.S. 222 (1957) ................................................................................................................2

*Level Sleep LLC v. Dormeo North America, LLC*,
  No. 2:18-cv-00120, 2019 WL 458467 (E.D. Tex. Feb. 1, 2019) ............................................3

*Magnacoustics, Inc. v. Resonance Tech. Co.*,
  No. 97-1247, 1997 WL 592863 (Fed. Cir. Sept. 25, 1997) .....................................................3

*TC Heartland LLC v. Kraft Foods Group Brands LLC*,
  137 S. Ct. 1514 (2017) .........................................................................................................2, 3

*Wireless Protocol Innovations, Inc. v. TCT Mobile (US) Inc.*,
  No. 6:15-cv-00918, 2023 WL 4626659 (E.D. Tex. July 19, 2023) .........................................2

*In re ZTE (USA) Inc.*,
  890 F.3d 1008 (Fed. Cir. 2018) ..............................................................................................2

**Statutes**

28 U.S.C. § 1400(b) ..............................................................................................................1, 2, 3, 4

28 U.S.C. § 1406(a) ....................................................................................................................1, 2, 5

**Other Authorities**

F.R.C.P. 11 ....................................................................................................................................2

F.R.C.P. 12(b)(3) ...................................................................................................................1, 2, 4, 5

## STATEMENT OF ISSUES TO BE DECIDED BY
## THE COURT PURSUANT TO LOCAL RULE 7 (a)(1)

1. Whether the Court should dismiss this patent against Samsung Semiconductor, Inc. and Samsung Austin Semiconductor, LLC under Federal Rule of Civil Procedure 12(b)(3) and 28 U.S.C. § 1406(a) for improper venue because Defendants Samsung Semiconductor, Inc. and Samsung Austin Semiconductor LLC do not reside in this District and do not have a regular and established place of business in this District, as required to support venue under 28 U.S.C. § 1400(b).

## I. INTRODUCTION

Headwater's venue allegations are frivolous. Headwater admits that SSI and SAS are not residents of this District and has not alleged that they have a regular and established place of business in this District. Instead, Headwater only alleges that SSI and SAS have places of business in the ***Western*** District of Texas. Accordingly, a straightforward application of 28 U.S.C. § 1400(b) requires that the Court dismiss the Complaint against SSI and SAS.[1].

## II. LEGAL STANDARD

In patent cases, 28 U.S.C. § 1400(b), is "the sole and exclusive provision controlling venue." *TC Heartland LLC v. Kraft Foods Group Brands LLC*, 137 S. Ct. 1514, 1519 (2017) (quoting *Fourco Glass Co. v. Transmirra Prods. Corp.*, 353 U.S. 222, 229 (1957)). Section 1400(b) provides the only two places for proper venue: (1) "where the defendant resides," or (2) "where the defendant has committed acts of infringement and has a regular and established place of business." The plaintiff bears the "burden of establishing proper venue." *In re ZTE (USA) Inc.*, 890 F.3d 1008, 1013 (Fed. Cir. 2018); *see also AGIS Software Development, LLC v. ZTE Corporation*, No. 2:17-cv-00517-JRG, 2018 WL 4854023, at *2 (E.D. Tex. Sept. 28, 2018); *Wireless Protocol Innovations, Inc. v. TCT Mobile (US) Inc.*, No. 6:15-cv-00918, 2023 WL 4626659, at *1 (E.D. Tex. July 19, 2023). If venue is not proper, a defendant may move to dismiss the case. Fed. R. Civ. P. 12(b)(3); 28 U.S.C. § 1406(a).

---

[1] Pursuant to Local Rule CV-7(h), Samsung's counsel repeatedly reached out Headwater in an effort to dismiss SSI and SAS without wasting the parties' and the Court's resources with motion practice. Headwater refused to dismiss SSI and SAS and, yet, also refused to explain how the allegations in its complaint were sufficient to establish venue. Given the clear lack of a sufficient investigation of its venue allegations, SSI and SAS intend to serve on Headwater a motion for sanctions pursuant to Federal Rule of Civil Procedure 11.

2

"[V]enue requirements must be met as to each defendant." *Magnacoustics, Inc. v. Resonance Tech. Co.*, No. 97-1247, 1997 WL 592863, at *2 (Fed. Cir. Sept. 25, 1997); *see also Level Sleep LLC v. Dormeo North America, LLC*, No. 2:18-cv-00120, 2019 WL 458467, at *2 (E.D. Tex. Feb. 1, 2019) (finding that "venue is improper in this District for *each* Defendant") (emphasis added).

### III.   ARGUMENT

Venue is improper as to both SSI and SAS. First, neither entity "resides" in Texas pursuant to controlling authority. Second, as even Headwater appreciates, neither entity has a "regular and established place of business" in this District.

#### A.   SSI and SAS Do Not "Reside" In Texas

For venue, a domestic corporation resides only in its state of incorporation. *TC Heartland*, 137 S. Ct. at 1517. As even Headwater identifies in its Complaint, neither SSI nor SAS are incorporated in Texas. *See* D.I. 1 at ¶42 (recognizing that SSI is "a corporation organized and existing under the laws of the State of California"); *id.* at ¶43 (recognizing that SAS is a "limited liability company organized and existing under the laws of Delaware). Thus, neither SAS nor SSI reside in Texas.

#### B.   SSI and SAS Do Not Have a "Regular and Established Place of Business" Here

If Headwater cannot establish that venue is proper under the first prong of Section 1400(b), then Headwater must meet the requirements of the second prong of Section 1400(b). It has not and cannot. The second prong of § 1400(b) requires Headwater to show that venue is appropriate where "the defendant has committed acts of infringement[2] and has a regular and

---

[2] Headwater also cannot prove that SSI or SAS have committed acts of alleged infringement at all (much less in this District) because these entities do not make, use, sell, offer or sale, or import the

3

established place of business." § 1400(b). The "regular and established place of business" prong has three requirements: "(1) there must be a physical place in the district; (2) it must be a regular and established place of business; and (3) it must be the place of the defendant." *In re Cray*, 871 F.3d 1355, 1360 (Fed. Cir. 2017). Venue is improper unless all three elements are satisfied. *Id.*

Headwater cannot even establish the first requirement – that "there must be a physical place in the *district*." *In re Cray*, 871 F.3d at 1360 (emphasis added). Even accepting Headwater's allegations to be true, Headwater failed to allege that proper venue exists for SSI and SAS *in this District*. Headwater alleges that SSI and SAS "maintain regular and established places of business" in *Austin*. See D.I. 1 at ¶54. Headwater further alleges that SSI and SAS are building a new facility in Taylor, Texas. *Id.* at ¶55. Austin and Taylor are both in the Western District of Texas, not the Eastern District. *See* **Ex. A** (website from Western District of Texas showing the "Austin" division includes Travis, Hays, and Williamson Counties, which Austin is located in); **Ex. B** (Austin, Texas website showing that "Austin is in Travis, Hays and Williamson counties"); **Ex. C** (website from Williamson County listing Taylor as a town in the county). Headwater, therefore, fails to plead proper venue for both SSI and SAS.

Because Headwater has not, and cannot, allege facts sufficient to establish proper venue over SSI and SAS in this District (because no such facts exist), the Complaint must be dismissed against these defendants. *In re Cray*, 871 F.3d at 1367 (directing district court to grant motion to dismiss under Rule 12(b)(3) due to lack of venue).

---

accused products; however, because Headwater must prove that SSI and SAS have *both* committed acts of alleged infringement in this District *and* have regular and established places of business in this District, this motion focuses on the latter requirement.

4

## IV. CONCLUSION

For the above reasons, Defendants SSI and SAS respectfully request that the Court dismiss Headwater's Complaint with prejudice under Rule 12(b)(3) and 28 U.S.C. § 1406(a) for improper venue.

Dated: July 24, 2024          Respectfully submitted,

By:    */s/ Kelly Allenspach Del Dotto*
Ruffin B. Cordell
TX Bar No. 04820550
Michael J. McKeon
DC Bar No. 459780
mckeon@fr.com
FISH & RICHARDSON P.C.
1000 Maine Avenue, SW, Ste 1000
Washington, D.C. 20024
Telephone: (202) 783-5070
Facsimile: (202) 783-2331

Thad C. Kodish
GA Bar No. 427603
tkodish@fr.com
Ashley A. Bolt
GA Bar No. 231197
bolt@fr.com
FISH & RICHARDSON P.C.
1180 Peachtree St. NE, Fl. 21
Atlanta, GA 30309
Telephone: (404) 892-5005
Facsimile: (404) 892-5002

Kelly Allenspach Del Dotto
DE Bar No. 5969
kad@fr.com
FISH & RICHARDSON P.C.
222 Delaware Avenue, 17th Floor
Wilmington, DE 19801
Telephone: (302) 652-5070
Facsimile: (302) 652-0607

Melissa R. Smith
State Bar No. 24001351
Melissa@gillamsmithlaw.com
GILLAM & SMITH, LLP
303 South Washington Avenue
Marshall, Texas 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257

**ATTORNEYS FOR DEFENDANTS**

6

*SAMSUNG ELECTRONICS CO., LTD SAMSUNG ELECTRONICS AMERICA, INC., SAMSUNG SEMICONDUCTOR, INC., AND SAMSUNG AUSTIN SEMICONDUCTOR LLC*

7

8

**CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that counsel of record who are deemed to have consented to electronic services are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on July 24, 2024.

                                      */s/ Kelly Allenspach Del Dotto*
                                      Kelly Allenspach Del Dotto